IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

v.

D'ANGELO CHENOWETH,   Case No.: 24-cr-99-jdp

Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

The defendant distributed fentanyl, a dangerous drug, while serving a state probation sentence. (ECF 26 at ¶¶ 17-19, 21, 58.) And, despite his age, the defendant's lengthy criminal history demonstrates he is an experienced drug trafficker with a history of violence. Thus, the government recommends a sentence of 87 months to reflect the seriousness of the crime, the defendant's characteristics, and to protect the public.

I.   Facts

Law enforcement used a confidential informant to facilitate two controlled buys from the defendant. During the first buy on February 15, 2024, a confidential informant purchased 25.337 grams of fentanyl from the defendant for $1,000. (*Id*. at ¶ 17.)

At the time of the first controlled buy, the defendant was serving a probation sentence and also subject to GPS monitoring. (*Id*. at ¶¶ 56, 58.) Sometime after the first controlled buy, the defendant removed his GPS ankle monitoring bracelet. (*Id*. at ¶ 18.)

The confidential informant called the defendant via Facetime on February 28, 2024, to coordinate the second controlled buy. (*Id*. at ¶ 20.) During this call, the

defendant and the confidential informant talked about cutting agents. (*Id*.) The defendant also coordinated the sale of a controlled substance with another customer while he was on the call with the confidential informant. (*Id*.) During call, the confidential informant overheard the defendant asking the customer to rate the quality of the defendant's drugs. (*Id*.)

The second controlled buy occurred on February 29, 2024. (*Id*. at ¶21.) The defendant arrived at the parking lot for a restaurant in Madison, Wisconsin in a car rented by someone else. (*Id*.) The defendant then sold the confidential informant 51.4 grams of fentanyl for $2,000. (*Id*.)

## II.   Sentencing Recommendation

A prison term of 87 months is appropriate in light of the seriousness of the offense, the characteristics of the defendant, and the need to protect the public from the defendant. *See* 18 U.S.C. § 3553(a). This recommendation is within the sentencing guidelines if the defendant is not a career offender, and it is well-below the sentencing guidelines if the Court finds the defendant is a career offender. (ECF 26 at ¶¶ 122, 139.)

### A. Seriousness of the Offense

This is a serious offense: the defendant sold over 75 grams of fentanyl to the confidential informant. (*Id*. at ¶¶ 17, 21.) While this Court frequently sees large quantities of trafficked drugs, it's worth remembering fentanyl is a dangerous drug, and 75 grams is a significant amount of fentanyl. The defendant not only sold a considerable amount of fentanyl, but also his conduct shows his reach as a drug trafficker extends further than just the controlled buys. The defendant had 10.6 grams of cocaine and 9.1 grams of fentanyl in his car when he crashed in December 2024. (*Id*. at

2

¶¶ 9-15, 24.) Moreover, the fentanyl was individually packaged in 17 bags—it was prepared and ready for distribution. (*Id*. at ¶ 12.) The defendant's reach is also seen during the phone call on February 28, 2024, when he coordinated the sale of an unknown narcotic to another customer. (*Id*. at ¶ 20.)

Drug trafficking is the defendant's business, and he learned how to work the system. The defendant used cars rented under someone else's name to avoid detection while trafficking. (*Id*. at ¶ 9-15, 21.) The defendant knows about cutting agents, which help extend a trafficker's product. He had one customer rate the quality of his drugs, while he was on the phone coordinating the sale of fentanyl with the confidential informant. (*Id*. at 20.) Such a request was a purposeful marketing of his drugs to the confidential informant.

### B. Characteristics of the Defendant

Despite his age, the defendant has a lengthy and aggravating criminal history. The defendant has two felony drug convictions from 2017 and 2021. (*Id*. at ¶¶ 56, 58.) More than that, the defendant had a firearm when he committed the offense in his 2021 drug conviction. (*Id*. at ¶ 58.) The defendant's criminal history also includes a violent felony conviction in 2021. (*Id*. at ¶ 57.) After he pulled a woman by the hair, a bystander attempted to intervene. (*Id*.) The defendant responded by hitting the bystander multiple times and slamming her to the ground. (*Id*.) The defendant is a violent drug trafficker whose drug trafficking is escalating. His conduct in this case involved more drugs than any of his previous convictions.

Finally, the defendant's criminal history shows he simply refuses to stop violating the law. The defendant violated the terms of his supervision in 2022 and 2025,

3

and he has continued to traffic drugs despite his previous sentences. (*Id*. at ¶¶ 56-58.) Thus, an 87-month sentence is necessary to send a stronger message of deterrence to the defendant.

### C. Protection of the Public

The defendant dealt fentanyl, harming people for no reason other than his own financial gain. This Court is well aware of the dangerousness of fentanyl and its specific harm to our district. The number of opioid related deaths and hospitalizations recorded in 2023 (near the February 2024 controlled buys), is staggering.[1] Fentanyl is contributing to these numbers. The defendant's sentence should reflect the seriousness of his choice to make money by dealing dangerous and addictive drugs.

### III.  Conclusion

For the reasons argued above, a prison term of 87 months is "sufficient, but not greater than necessary" to achieve the purpose of sentencing in this case. *See* 18 U.S.C. § 3553(a).

Dated:  April 8, 2025.

           Respectfully submitted,

           TIMOTHY M. O'SHEA
           United States Attorney

By:       /s/
           LOUIS GLINZAK
           Assistant United States Attorney

---

[1] In 2023 there were 1,421 opioid-related deaths and 2,575 opioid-related emergency room hospitalizations in Wisconsin. Dose of Reality: Opioid Data Summary Dashboard, Wisconsin Department of Health Services (last updated February 20, 2024), https://www.dhs.wisconsin.gov/opioids/dashboards.htm.